# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

| | |
|---|---|
| WILLIAM BRADLEY OUZTS AND WIFE, VALERIE OUZTS | PLAINTIFFS |
| V. | CASE NO. 2:06CV136-M-A |
| CHICAGO HARDWARE AND FIXTURE COMPANY, AMERICAN CORD & WEBBING CO., INC., SIMMONS SYSTEMS ARCHERY, INC., THE BOW SHOP OF CLEVELAND, LLC, AMACKER INTERNATIONAL, INC., AND JOHN DOES 1 - 5 | DEFENDANTS |

## MEMORANDUM OPINION

This cause comes before the court on the motion [17] of the plaintiffs to remand this action to the Circuit Court of the Second Judicial District of Bolivar County, Mississippi. Defendants Chicago Hardware and Fixture Company ("Chicago Hardware") and Simmons Systems Archery, Inc.("Simmons") have responded in opposition and this court is prepared to rule.

This cause of action arose when William Bradley Ouzts sustained injuries from a fall from a TL100 Timb-R-Lock tree stand on or about October 7, 2004. The J-bolt securing the tree stand to the tree broke, causing Mr. Ouzts to slide out of the stand and the belt he was wearing as a safety belt broke causing his fall to the ground approximately twenty-five feet below. Mr. Ouzts has asserted claims against all named parties including The Bow Shop of Cleveland, LLC ("The Bow Shop"), where the tree stand was purchased. Chicago Hardware is an Illinois corporation with its principal place of business in Chicago, Illinois. American Cord & Webbing

1

("American") is a Rhode Island Corporation with its principal place of business in Providence, Rhode Island.  Simmons is an Alabama corporation with its principal place of business in Jasper, Alabama.  Amacker International, Inc., ("Amacker") formerly existed as a Louisiana corporation with its principal place of business in Delhi, Louisiana, but was dissolved on or about February 18, 2003, and no longer exists as a viable legal entity.  The Bow Shop is a Mississippi limited liability company with its principal place of business in Bolivar County, Mississippi.  William Bradley Ouzts and Valerie Ouzts are citizens of Cleveland, Mississippi, in Bolivar County.  Simmons filed a notice of removal on August 9, 2006, which American and Chicago Hardware joined on August 10, 2006, alleging that The Bow Shop of Cleveland has been improperly joined in this action to defeat diversity jurisdiction.

The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent/improper joinder.  *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).  The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one.  In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).    The Fifth Circuit has reaffirmed that it "is insufficient that there be a mere theoretical possibility" of recovery; to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

2

In arguing that The Bow Shop was improperly joined in this case, defendants' task is made considerably more difficult by the Fifth Circuit's decisions in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) and *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 336 n.2 (5th Cir. 2004). A majority of the *en banc* Fifth Circuit in *Smallwood* observed that:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. ... Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity.

*Smallwood,* 385 F.3d at 573. The Fifth Circuit in *McKee* similarly emphasized that the improper/fraudulent joinder standard is more akin to a 12(b)(6) standard than the quasi-summary judgment standard which had previously been applied by many district judges in this circuit. It is accordingly plain, in light of *McKee* and *Smallwood,* that the improper/fraudulent joinder standard is far more deferential to the plaintiff's allegations than had commonly been assumed.

The removing parties have cited Miss. Code Ann. § 11-1-63(h), commonly known as the "innocent seller" provision, which immunizes "innocent sellers who are not actively negligent, but are instead mere conduits of a product." They contend that this provision prohibits any possibility of recovery against The Bow Shop. However, sellers can be held liable if they exercise substantial control over the aspect of the product for which damages are sought, if they alter or modify the product in a manner that is a substantial factor in causing the harm for which recovery is sought, or if the seller had actual or constructive knowledge of the defective condition of the product. *See* Miss. Code Ann. § 11-1-63(h).

3

The plaintiffs contend that The Bow Shop is properly joined in this action because The Bow Shop called Mr. Ouzts to solicit the sale of the tree stand in question. It is also undisputed that the owner/manager/corporate representative of The Bow Shop, Charles Hudson, helped Mr. Ouzts mount the tree stands after purchase. The plaintiffs further direct this court to testimony of The Bow Shop, in which the representative discussed the J-hook and the safety belt of the Timb-R-Lock tree stand. Charles Hudson stated in the 30(b)(6) deposition of The Bow Shop that when he purchased the Timb-R-Lock tree stand he assumed that the stand would come with a V-hook. He stated that he did not like the J-hook because it required the use of turnbuckles.

This court is not convinced that soliciting the sale of the tree stands, helping install the tree stands, or preferring a different type of hook meets any of the exceptions that would preclude innocent seller immunity. However, the court does find that the plaintiff has stated a viable cause of action. The claim is not a products liability claim, which renders innocent seller immunity under Miss. Code Ann 11-1-63(h) inapplicable. The Bow Shop's recommendation and sale of a climbing belt in place of the safety belt that came with the tree stand gives rise to a cause of action for breach of the implied warranty of fitness for a particular purpose. In order to maintain a cause of action for breach of the implied warranty of fitness for a particular purpose the plaintiff must prove that (1) at the time of the contracting the seller had reason to know the particular purpose for which the goods were required, (2) there was reliance by the plaintiff as a buyer upon the skill or judgment of the seller to select suitable goods, and (3) the goods were unfit for the particular purpose. *Lacy v. Morrison*, 906 So.2d 126, 131 (Miss. Ct. App. 2004). Deposition testimony indicates that The Bow Shop sold Mr. Ouzts a climbing belt, with the knowledge that it would be used as a safety belt and did recommend to Mr. Ouzts that the

4

climbing belt be used such a manner. Deposition testimony further indicates that the distributor's catalog that came with the Simmons climbing belt expressly stated that the climbing belt was not designed to be used as a safety belt and that The Bow Shop was aware that the Simmons catalog disclaimed such use. As the plaintiffs have demonstrated that there is an arguably reasonable basis for predicting that state law would allow for recovery against The Bow Shop, the motion [17] to remand is GRANTED. This case is hereby remanded to the Circuit Court of the Second Judicial District of Bolivar County, Mississippi.

This the 24th day of August, 2007.

        **/s/ Michael P. Mills**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**